IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGER BARRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18 CV 2066 |
| ) | |
| HOME DEPOT U.S.A., INC., d/b/a ) | Judge John J. Tharp, Jr. |
| THE HOME DEPOT ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Roger Barra brought this action against Home Depot alleging that the defendant rented him a ramp that was too steep, and thus breached its duty to him, causing plaintiff to fall off the ramp and sustain serious injuries. The central fact question in this case is straightforward: Was the ramp too steep, and thus unreasonably dangerous? Home Depot moved for summary judgment, arguing that plaintiff's evidence (consisting solely of an OSHA regulation and plaintiff's own deposition) is alternatively inadmissible and insufficiently probative. For the reasons discussed below, the Court grants Defendant's motion. Mr. Barra has failed to adduce evidence that would be sufficient to support a jury verdict in his favor.

### BACKGROUND

On September 8, 2015, Mr. Barra rented a truck and a ramp from Home Depot. Compl. ¶ 4 (ECF No. 1-1). He needed the equipment to move a scooter. Def.'s Rule 56.1 Statement at ¶ 13 (ECF No. 35-1). Mr. Barra went home, loaded his scooter using the ramp, and took it to a store where he planned to sell it. Barra Dep. at 32:23-33:6. Apr. 2, 2019 (ECF 38-1). Unsuccessful in his sale, he returned home to unload. *Id.* at 33-34. As he was moving the scooter down the ramp, holding the brakes to control the descent, he lost control and fell off the ramp. *Id.* at 34. He broke

his fall onto the concrete with his outstretched hands. *Id.* at 39-40. His injuries were severe—his bone was sticking out of his wrist as he returned the equipment on his way to the hospital. *Id.* at 57-58. No one witnessed the fall. *Id.* at 40.

Several months after his fall, Plaintiff saw a neighbor using a U-Haul truck and ramp. The U-Haul ramp was longer than the one he had rented from Home Depot. Def"s. Rule 56.1 Statement ¶ 23 (ECF No. 35-1). This led Mr. Barra to believe that his ramp was too short. Drawing on his background as an Engineer Tech for the Metropolitan Water Reclamation District of Greater Chicago, Mr. Barra thought to investigate whether the Occupational Safety and Health Agency (OSHA) regulated the length of ramps. *Id*. at ¶ 22-24. He found 29 C.F.R. § 1926(e)(5)(ii), which regulates the length of ramps for construction scaffolding and provides that they must be "three horizontal to one vertical." which the Court understands to mean that for every foot of vertical elevation of such ramps there must be three feet of horizontal length. Armed with this information, Mr. Barra then filed a complaint in Cook County Circuit Court. Home Depot removed the case federal court. Following discovery, Home Depot moved for summary judgment.

## DISCUSSION

Summary judgment is proper when the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court "must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party." *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491-92 (7th Cir. 2000). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Indiana*, 259 F.3d 619 (7th Cir. 2001). The non-moving party must produce "more than a scintilla of evidence to support his position." *Id.*

Plaintiff's complaint most clearly states a claim for negligence, so the Court examines whether Home Depot has met its burden to show it is entitled to a judgment that it was not negligent in renting the ramp to Mr. Barra. A claim for negligence in Illinois requires that a plaintiff show the defendant owed plaintiff a duty of care, that defendant breached that duty, and that the defendant's breach caused harm to the plaintiff. *Marshall v. Burger King Corp.*, 222 Ill. 2d. 422, 430 (2006). Home Depot argues in its motion for summary judgment that Mr. Barra has not shown that Home Depot breached any duty owed to him. They say that his reliance on an OSHA regulation as evidence is misplaced, and that Mr. Barra has not produced sufficient evidence that the ramp was unreasonably steep. The Court addresses these arguments in turn.

Mr. Barra's complaint contains a cryptic assertion that the rental ramp was "unreasonably dangerous because it inclined at an angle exceeding safety standards of one (1) vertical to three (3) horizontal (20 degrees above the horizontal)." Compl. at ¶ 9. As it turns out, that standard comes from 29 C.F.R. 1926(e)(5)(ii), a provision from OSHA regulations. Def's Mot. Sum. J. at 3 (ECF No. 35-2). The provision comes from part 1926 of the OSHA regulations, which is entitled "Safety and Health Regulations for Construction," and specifically from Subpart L of that part, which is entitled "Scaffolds." The section describing the "scope, applications and definitions" of Subpart L make clear that "[t]his subpart applies to ***all scaffolds used in workplaces covered by this part***." 29 C.F.R. 1926.450(a) (emphasis added).

As Home Depot points out in its motion, this provision clearly applies to ramps on scaffolding used by construction workers. On its face, it does not apply to ramps rented by consumers who are using the equipment for purposes unrelated to construction work and Mr. Barra has provided no basis to conclude that the standards applicable to construction scaffolding ramps are relevant to an assessment of whether ramps used in other contexts are unreasonably dangerous.

3

Plaintiff has provided no evidence of the standards that govern ramps used with vehicles, and a jury would therefore have no basis to infer from a standard applicable to scaffolding ramps that the truck ramp Mr. Barra used was dangerously steep. Compounding the problem, OSHA regulations govern workplace safety in employment contexts, and Mr. Barra is not an employee of Home Depot and was not injured in a workplace. *See* 29 U.S.C. § 653(a) ("This chapter shall apply with respect to employment performed in a workplace"). Mr. Barra might have offered expert testimony about ramp standards in order to bridge the evidentiary gap between construction scaffolding ramp standards and vehicle ramp standards, and the connection between workplace standards and non-workplace standards, but did not do so. The OSHA regulation cited by Mr. Barra therefore has no relevance and fails to create a genuine issue of material fact as to whether the ramp that Mr. Barra used to unload his scooter was too steep.

Aside from the inapplicable regulation, there is nothing in the plaintiff's submissions that supports the contention that the ramp was too short. Indeed, Mr. Barra does not even provide the measurements of the ramp he rented. He did not provide pictures or a diagram of the ramp. Nor did he go to another establishment and take pictures of comparable ramps. He did not take any similarly straightforward steps that were well within the reach of a competent investigator. The Court does not mention these possibilities to suggest that their presence in the record would necessarily lead to a different result, but rather to highlight the paucity of evidence presented by Mr. Barra. Even if 29 C.F.R. § 1926(e)(5)(ii) applies, which it does not, the only evidence to suggest that the ramp was dangerous are Mr. Barra's own statements. The Court assumes he is credible, but his unsupported and conclusory assertions that the ramp was dangerous are not enough to persuade a reasonable jury that it was.

4

In responding to a summary judgment motion, it is not enough for plaintiff's counsel to promise that plaintiff "will testify to the process in which he rented the truck and ramp" or "the angles at which the ramp lead [sic] from the truck to the ground." Pl's. Resp. to Def. Rule 56.1 Statement ¶ 18 (ECF 30). Nor does it suffice for plaintiff's counsel to claim that Mr. Barra "has alleged enough, through his complaint and subsequent discovery, to create a question of fact as to whether Defendant was negligent in this case." Pl's Resp. to Def's. Rule 56.1 Statement at 5 (ECF No. 38). Plaintiff's counsel misunderstands his task at the summary judgment stage. We are no longer at the pleading stage; the time for making merely plausible allegations is long past. Plaintiff's task at this stage is not to allege a plausible claim for negligence, but rather to produce evidence showing there is a genuine dispute about the facts. *See Johnson v. Cambridge Industries*, 325 F.3d 892, 901 (7th Cir. 2003) (summary judgment is the moment in a lawsuit "when a party must show what evidence it has that would convince a trier of fact to accept its version of events.").

Here's how summary judgment works in this situation. The standard is applied slightly differently depending on which party ultimately bears the burden of persuasion at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Here, the non-movant Mr. Barra would bear the burden at trial of showing by a preponderance of the evidence that the ramp was unreasonably dangerous. On summary judgment, the moving party (Home Depot) initially bears the burden of showing that there is no genuine issue of material fact. Fed. R. Civ. Proc. 56(c). Home Depot can discharge that burden by pointing to an absence of evidence supporting the nonmoving party's case. *See Celotex*, 477 U.S. at 325; Fed. R. Civ. Proc. 56(c)(1)(b). "If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Id.* at 331 (Brennan, J., dissenting) (agreeing with the majority's view of summary judgment procedure). In order to defeat a summary judgment motion that asserts

the nonmovant lacks evidence, the nonmovant's task is to call the Court's attention "to supporting evidence already in the record that was overlooked or ignored by the moving party." *Id.* at 332.

Mr. Barra has failed at that task. Instead of pointing to evidence, he has promised future testimony and contends that he has alleged enough to make out a claim of negligence. *See* Pl.'s Resp. to Def.'s Mot. for Sum. J. at 5-7 (ECF No. 38). The Court finds that Home Depot has carried its burden on summary judgment by (1) pointing to the non-applicability of an OSHA regulation relied upon by Mr. Barra, and (2) pointing to the absence of evidence supporting Mr. Barra's assertions that the ramp was too short.

Mr. Barra's lawyer makes one last-ditch attempt to save his case by claiming that he has "adequately pled a cause of action under an implied warranty of fitness theory." *Id.* at 6. This necessarily fails for the same reasons stated above—Plaintiff has made no showing that the ramp was unfit for use.

In sum, Home Depot has carried its burden on summary judgment by pointing to a lack of evidence supporting Mr. Barra's claim. Mr. Barra's request for leave to amend his complaint is denied. His claim suffers from a proof deficiency, not a pleading deficiency. Plaintiff's counsel has had ample opportunity to show that the ramp was unreasonably dangerous throughout the many months the parties spent in discovery. Mr. Barra indicated he will not pursue expert testimony beyond that of physicians to prove damages, and he has failed to adduce enough evidence of his claim during discovery. Having failed to adduce evidence sufficient to support a jury verdict in his favor, Mr. Barra's claim cannot go forward to a jury.

\*   \*   \*

For the reasons discussed above, the Court grants Home Depot's motion for summary judgment and enters judgment for the defendant.

Date: October 8, 2020

John J. Tharp, Jr.
United States District Judge